Nathaniel K. Charny (NC5664)
Charny & Wheeler
9 West Market Street
Rhinebeck, NY 12572
Tel. (845) 876-7500
Fax. (845) 876-7501

Attorneys for Plaintiff Marlon Chung

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARLON CHUNG, on behalf of himself and those similarly situated, | |
| Plaintiff, | COLLECTIVE AND CLASS ACTION COMPLAINT |
| vs. | |
| BROOK'S HOMECARE LLC, CARING PARTNERS LLC, and ERIC JOHNSON in his individual capacity, all jointly and severally, | Civil Action No. _____ |
| Defendants. | |

Plaintiff Marlon Chung (herein Plaintiff) on behalf of himself and those similarly situated by and through his attorneys Charny & Wheeler brings this action pursuant to the Fair Labor Standards Act (FLSA) and New York Labor Law (NYLL) on behalf of himself and those similarly situated to recover unpaid wages from Defendants Brooke's Homecare LLC, Caring Parners LLC and Eric Johnson (collectively Defendants) and in support alleges as follows.

<u>JURISDICTION AND VENUE</u>

1.      This Court has Federal question jurisdiction in that this action arises under Federal statute, 29 U.S.C. § 216(b).

2.     This Court has supplemental jurisdiction over the State Law claims pursuant to 29 U.S.C. § 1367.

3.     Venue is proper in that the events and omissions giving rise to Plaintiff's claims occurred in this judicial district.

<u>PARTIES</u>

4.     Plaintiff Marlon Chung is an adult individual that was formerly employed by Defendants.

5.     Defendant Brooke's Homecare LLC (herein Defendant Brooke's) is a Connecticut Limited Liability Corporation whose principal office is located in Darien Connecticut.

6.     Defendant Caring Partners LLC (herein Defendant Partners) is a Connecticut Limited Liability Corporation whose principal office is located in Darien Connecticut.

7.     Defendant Eric Johnson is the chief executive officer and president of bioth Defendant Brooke's and Defendant Partners (collectively referred to as Corporate Defendantss).

8.     Defendants were and are joint employers of Plaintiff, acting indirectly and directly in each other's interests in relation to Plaintiff's employment.

9.     Defendant Johnson maintained control over all aspects of the day-to-day functions of Corporate Defendants, including: (i) operational control over the operational enterprise, including actively managing, supervising and directing the business operations; (ii) power to establish, and in fact establishment of, the terms of employment of Plaintiff and others similarly situated; (iii) power to hire and fire; (iv) control over employee work schedules; (v) the ability to determine the rate and method of employee payment; and (vi) maintaining employment records of the employing entity.

10.    Defendant Johnson acted directly and indirectly in Defendants' interests in elation to its employees, including Plaintiff and others similarly situated.

11.    For all times relevant to this Complaint Defendants have constituted an enterprise engaged in commerce, as defined by 29 U.S.C. § 203(s)(1), upon information and belief with a gross annual volume of business done of not less than $500,000 and with employees engaged in commerce, as defined by 29 U.S.C. § 203(b).

12.    For all times relevant to this Complaint Defendants' employees have engaged in commerce by regularly travelling between at least New York and Connecticut and regularly providing home care services between at least New York and Connecticut.

13.    For all times relevant to this Complaint employees of Defendants have regularly used interstate wires when communicating with customers in the various states.

14.    For all times relevant to this Complaint Defendants have performed related activities through unified operations or common control with the common purpose of running a for-profit business that provides home care services in various states including New York and Connecticut.

15.    For all times relevant to this Complaint Defendants have been an employer within the meaning of 29 U.S.C. §203(d) and Article 6 of New York State Labor Law and its corresponding regulations, 12 NYCRR 142-2.2.

<u>FACTS</u>

16.    Defendants provide home health care services to elderly and/or infirm individuals through home health care aides such as Plaintiff.

17.    Defendants serve clients in New York and Connecticut.

18.     Defendants employ individuals as home health care aides within its clients' homes. The specific work assignments and hours of operation are determined by Defendants.

19.     Upon information and belief, Defendants are compensated by various payors, including Medicaid, Medicare, private insurance companies, and directly by its clients. The payors are billed hourly based on the amount of time Defendants' aides spend within the clients' homes.

20.     In addition to services typically provided by home health aides, such as bathing and grooming patients, aides employed by Defendants perform general housekeeping duties such as taking out the garbage for entire house, taking care of family members other than the client, cooking for household, driving other family members, dusting and cleaning, cleaning common areas and areas of homes not ordinarily used by patients, grocery shopping, moving furniture, and even packing to move the household.

21.     The amount of time Plaintiff spent on general household work regularly exceeded twenty percent of Plaintiff's working time.

22.     Plaintiff was paid per day rate for each 24-hour shift, ranging from between $175 per 24-hour shift when Plaintiff started employment to $215 per 24-hour shift when Plaintiff left employment.

23.     Plaintiff would also be paid an hourly rate for those assignments that were not a 24-hour shift assignment.

24.     Upon information and belief, all aides working for Defendants who worked 24-hour shifts were paid a per shift rate of pay and if working an hourly assignment would be paid an hourly rate.

25.     For the vast majority of time that Plaintiff worked for Defendants, he worked in a household in New York City.

26.     Plaintiff regularly worked in excess of 40 hours per week.

27.     Plaintiff worked typically worked at least 60 and more often up to 100 hours in a work week.

28.     Despite regularly working in excess of 40 hours per week, Plaintiff was paid only straight time pay by way of 24-hour shift pay and/or hourly pay.

29.     Defendants failed and refused to pay any overtime to any of the Aides employed by Defendants.

30.     Upon information and belief there are at least 75 Aides employed by Defendants who were never paid overtime compensation for hours worked in excess of 40 in a week.

31.     Throughout his employment with Defendants Plaintiff was never provided with information, either written or verbal, regarding his eligibility for overtime pay.

32.     Defendants have failed to comply with FLSA workplace posting requirements. Defendants' failure in this regard constitutes an attempt to conceal its employees' rights and discourage them from taking steps to enforce the law as it applies to their circumstances.

<u>COLLECTIVE ACTION ALLEGATIONS</u>

33.     For purposes of the FLSA collective action, the collective is defined as:  All home health care aides employed by Defendants on and after April 7, 2014 who were not paid overtime for hours worked over forty in a workweek.

34.     Similarly situated former and current employees are readily identifiable through Defendants' records.  These similarly situated employees can be located and should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. §216(b).

## CLASS ACTION ALLEGATIONS

35.    Plaintiff seeks certification under Rule 23 of the Federal Rules of Civil Procedure
of a class of employees who were and are employed as home health aides by Defendants from
April 7, 2011 through the present day and who were not properly paid overtime pay pursuant to
applicable state law, including but not limited to New York State law April 7, 2011 to the
present) and Connecticut State law (April 7, 2014 to the present).

36.    Common questions of fact exist as to all of the members of the proposed class and
predominate over the questions affecting only individual members -- namely, whether
Defendants did not pay overtime wages to its employees who were and are home health care
aides.

37.    The common questions of law include whether Defendants are liable to the
individual members under applicable state law.

38.    Plaintiff's claims are typical of the claims of the members of the proposed class,
as Plaintiff and the other members' sustained damages arising out of the same wrongful conduct
of Defendants in failing to pay overtime wages.

39.    Plaintiff is represented by Charny & Wheeler which has the resources, expertise
and experience necessary to prosecute this class action and their attorneys do not have
knowledge of any conflicts among the potential members of the class or their respective counsel.

40.    A class action is superior to other available methods for the fair and efficient
adjudication of the controversy raised in this lawsuit because:  (1) the prosecution of separate
actions would be inefficient and wasteful of judicial resources; (2) the members of the proposed
class are likely located throughout the Northeast Region and are not likely to be able to vindicate
and enforce their claims unless this action is maintained as a class action; (3) the issues raised

can be more fairly and efficiently resolved in the context of a single action rather than piecemeal litigation in separate actions; (4) the resolution of litigation in a single forum will avoid the risk of confusion and possible inconsistent determinations; (5) the prosecution of separate actions would create the risk of inconsistent or varying adjudications with respect to individuals pursuing claims against the defendants which would establish incompatible standards of conduct; (6) the defendants have acted on grounds applicable to all class members, making final declaratory relief on behalf of all members necessary and appropriate; and (7) questions of law and fact common to members of the class on issues of liability predominate over any questions, such as those of individual damages, that will affect individual class members.

41.     Plaintiff reserves the right to fashion such other classes and/or sub-classes to properly protect the rights of putative class members.

FIRST CAUSE OF ACTION
FAILURE TO PAY OVERTIME IN VIOLATION OF THE FLSA
Collective Action

42.     Plaintiff repeats and re-alleges the preceding allegations.

43.     Defendants employed Plaintiff and those similarly situated for workweeks longer than 40 hours and willfully failed to compensate Plaintiffs for the time worked in excess of 40 hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of the requirements of the FLSA.

44.     As a consequence of the willful underpayment of wages, Plaintiff and those similarly situated have incurred damages and Defendants are indebted to them in the amount of the unpaid overtime compensation, together with interest, liquidated damages and attorneys fees and costs, in an amount to be determined at trial.

SECOND CAUSE OF ACTION
<u>FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF STATE LAW</u>
Class Action

45.     Plaintiff repeats and re-alleges the preceding allegations.

46.     Defendants employed Plaintiff and those similarly situated for workweeks longer than 40 hours and willfully failed to compensate Plaintiff for the time worked in excess of 40 hours per week, at a rate of at least one and one-half times the regular hourly rate, in violation of the requirements of Article 6 of the Labor Law of the State of New York and Title I, Chapter 538 of the Connecticut General Statutes.

47.     As a consequence of the willful underpayment of wages alleged above, the plaintiff, and those similarly situated, have incurred damages and Defendants are indebted to them in the amount of the unpaid overtime compensations pursuant to State law together with interest, liquidated damages and attorneys fees and costs in an amount to be determined at trial.

THIRD CAUSE OF ACTION
FAILURE TO PROVIDE WAGE NOTICE AND
<u>PAYMENT INFORMATION AS REQUIRED BY STATE LAW</u>

48.     Plaintiff repeats and realleges the preceding allegations.

49.     During the term of his employment with Defendants, Plaintiff and those similarly situated were not provided the requisite wage notice and payment information as required by state law, including Article 6 of the Labor Law of the State of New York and Title I, Chapter 538 of the Connecticut General Statutes.

<u>REQUEST FOR RELIEF</u>

50.     Plaintiff, on behalf of himself and the FLSA Collective Class, and the Class under State Law requests the following relief:

(i)    Certifying this cause as a collective action in accordance with 26 U.S.C. § 216(b) with respect to the FLSA claims;

(ii)    Certifying this action pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(2) and 23(b)(3), as a class action as to those claims brought pursuant to State Law, including Article 6 of the Labor Law of New York and its corresponding regulations, 12 NYCRR 142-2.2;

(iii)    Judgment against Defendants for willful violation of the FLSA and State Law;

(iv)    Liquidated damages as provided for by the FLSA and State Law;

(v)    Pre- and post-judgment interest;

(vi)    Any and all further relief available under the FLSA and State Law;

(vii)    All costs and attorneys' fees incurred prosecuting these claims; and

(viii)    Such other and further relief as the Court deems just and equitable.

Dated:  Rhinebeck, New York
        April 7, 2017

_____
Nathaniel K. Charny (NC5664)
Charny & Wheeler
9 West Market Street
Rhinebeck, New York  12572
(845) 876-7500
ncharny@charnywheeler.com

Attorneys for Plaintiff Marlon Chung