Proposed Settlement Addendum 05.22.18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARLON CHUNG, on behalf of himself and those similarly situated,

                Plaintiff,

vs.

BROOKE'S HOMECARE LLC, CARING PARTNERS LLC, and ERIC JOHNSON in his individual capacity, all jointly and severally,

                Defendants.

Civil Action No. 1:17-CV-02534 (AJN)

ADDENDUM TO SETTLEMENT AGREEMENT DATED _____

The undersigned parties hereby agree to incorporate the following provisions into the Settlement Agreement between the parties dated May _____, 2018:

**Addendum to VII**

e) **Plaintiff's General Release of liability as to each of the Defendants:** In consideration for receiving the Settlement Amount, which represents payment of 98.93% of the Plaintiff's claims, under FLSA and State law, for unpaid wages and liquidated damages, plus an additional $15,000.00 extra for Plaintiff's attorneys' fees, with respect solely and only to the Plead Claims and to conduct related to the factual predicate of the Plead Claims, and covered by the time period from the beginning of the world up until and including the date that this Agreement is fully executed by the Parties and "so ordered" by the Court, the Plaintiff fully and forevermore irrevocably relinquishes, releases, waives and discharges Defendants from:

    i) all claims, actions, causes of action, suits, debts, specialties, dues, lines, bonds, bills, contracts, covenants, promises, agreements, judgments, damages, demands, claims,

1

Chung v. Brooke's Agreement, page ____ of _____

executions of any type, at law and/or in equity, indirect and/or direct, unknown and/or known, undiscovered and/or discovered which they had, now have and/or hereafter can, shall and/or may have against the Defendants;

   ;    ii) the right and/or ability to be a class and/or collective action representative and/or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding, including in connection with a governmental agency proceeding, against any of the Defendants, including proceedings before the Department of Labor for New York State and/or Connecticut, and/or the National Labor Relations Board; and

   iii) the right and/or ability to recover any money from the Defendants, in connection with any nonwaivable rights and/or claims related to the such released claims. (Collectively VII (e) (i-iii) are known as "Plaintiff's Released Claims"). Plaintiff agrees that he will not seek any additional monies, above and beyond the Settlement Amount, from any of the Defendants, related to the Plaintiff's Released Claims.

   f) **Defendants release to the Plaintiff:**   In consideration for the Plaintiff accepting the Settlement Amount and dismissing the Plead Claims, with prejudice, with respect solely and only to conduct covered by the Plead claims and to conduct related to the factual predicate of the Plead Claims, and covered by the time period from the beginning of the world up until and including the date that this Agreement is fully executed by the Parties and "so ordered" by the Court, the Defendants, fully and forevermore irrevocably relinquishes, releases, waive and discharge Plaintiff from: all claims, actions, causes of action, suits, debts, specialties, dues, lines, bonds, bills, contracts, covenants, promises, agreements, judgments, damages, demands, claims, executions of any type, at law and/or in equity, indirect and/or direct, unknown and/or known,

Chung v. Brooke's Agreement, page ____ of _____

undiscovered and/or discovered which they had, now have and/or hereafter can, shall and/or may have against the Defendants.

    g)   Nothing in this Section VII shall preclude Plaintiff and/or Defendants from enforcing the terms of this Agreement.  Also, the Plaintiff's Workers Compensation Claim, under Case number G1209457, is not impacted by Plaintiff's Released Claims and/or the Defendants' Released Claims, and, instead shall be resolved under Case number G1209457.

    h)  Plaintiff agrees that he shall immediately notify the Defendants if Plaintiff receives notice of any proceeding, subpoena, hearing and/or case related in any way to the services and/or monies that he earned while providing services through any of the Defendants and/or the Defendants' customers, by sending a copy of said notice to Defendants' counsel Gold Benes LLP, 1854 Bellmore Avenue, Bellmore, NY  11710.

    i)  Charny & Wheeler shall be deemed to have been fully and finally in all regards been paid, in full, attorney's fees and costs owing under the FLSA, NYLL and Connecticut laws regarding the Plead Claims and this instant action.

    j)  Once all payments have been made pursuant to this Agreement, Plaintiff's counsel shall cause to be filed with the Court a Stipulation of Discontinuance, with prejudice, in the form set forth hereto as Exhibit 1, as to all of the Defendants in this action and the Plead Claims. Plaintiff's counsel will hold all payments in escrow pending the filing with ECF of the fully executed copy of that document.

ADDENDUM TO VIII. **REPRESENTATIONS AND MISCELLEOUS PROVISIONS:**

    v)  **Media:**

        1.  Plaintiff, Plaintiff's attorneys, Defendants and Defendants' attorneys hereby agree that, regarding and/or related in any way to the case at bar, i.e., Chung v. Brooke's Homecare LLC, et. al. (1:17-CV-02534) ("Chung v. Brooke's"), including but not limited to the

3

Chung v. Brooke's Agreement, page \_\_\_\_ of \_\_\_\_\_

Parties' settlement discussions and this Agreement, that they will not issue, post, send and/or cause to be issued any press release, email, and/or other written, electronic, digital and/or verbal communications to any entity and/or person and/or agent and/or independent contractor associated in any way with the:

      **i)** print media (including, but not limited to magazines, newsletters, newspapers (such as the New York Law Journal) and the like; and

      **ii)** digital and/or electronic media; ~~of any type, including but not limited to social networking sites, blogs, law firm webpages, LinkedIn, Twitter, Facebook, Instagram, Snapchat, Pinterest, YouTube, Google, AOL, Yahoo, Safari, Tumblr, Reddit, Flickr, Foursquare, and the like.~~ (collectively XIII(r)(1)(i)-(ii) shall be referred to as the "Media).

      **2.** If contacted by the Media, Plaintiff and/or Plaintiff's attorneys shall state, regarding Chung v. Brooke, that "This matter has been resolved."

      **3.** Plaintiffs' Counsel confirms that they shall not upload and shall remove any reference from their website and any promotional materials about Chung v. Brooke's.

**REVIEWED WITH ATTORNEYS:** THE PARTIES ACKNOWLEDGE THAT THEY HAVE REVIEWED THE TERMS OF THIS ADDENDUM WITH THEIR RESPECTIVE ATTORNEYS AND THEY UNDERSTAND ITS TERMS.

State of _____}
County of _____}

_____

Marlon Chung

      On the _____ day of _____, in the year 2018, before me, the undersigned, a Notary Public in and for the State of New York, personally appeared Marlon Chung, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity and that by his signature on the instrument, the individual or the person upon behalf of which the individual acted, executed the instrument.

      _____
      Notary Public

State of _____}
County of _____}

Chung v. Brooke's Agreement, page \_\_\_\_ of \_\_\_\_\_

_____
Eric Johnson

On the _____ day of                    , in the year 2018, before me, the undersigned, a Notary Public in and for the State of Connecticut, personally appeared Eric Johnson, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his capacity and that by his signature on the instrument, the individual or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

State of _____}

County of _____}

_____
BROOKE'S HOMECARE LLC

On the _____ day of          , in the year 2018, before me, the undersigned, a Notary Public in and for the State of Connecticut, personally appeared Eric Johnson, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his individual capacity and in his capacity as a member of Brooke's Homecare LLC and that by his signature on the instrument, the individual and the LLC upon whose behalf the individual acted, executed the instrument.

_____
Notary Public

State of _____}

County of _____}

_____
CARING PARTNERS LLC

On the _____ day of          , in the year 2018, before me, the undersigned, a Notary Public in and for the State of Connecticut, personally appeared Eric Johnson, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his

Chung v. Brooke's Agreement, page ____ of _____

individual capacity and in his capacity as a member of Caring Partners LLC and that by his signature on the instrument, the individual and the LLC upon whose behalf the individual acted, executed the instrument.

                                                                                                     _____
                                                                                          Notary Public

Dated:   May _____, 2018          Dated:   May _____, 2018

Russell G. Wheeler                       Melissa Levine
Charny & Wheeler                        Of Counsel
9 W. Market St.                            Gold Benes LLP
Rhinebeck, New York 12572         1854 Bellmore Ave.
(845) 876-7500                            Bellmore, New York 11710
rwheeler@charnywheeler.com       (516) 512-6333
                                                   mlevine@goldbenes.com

Attorneys for Plaintiff Marlon Chung

                                                     Attorney for Defendants

                                                     **SO ORDERED:**

                                                     **_____, 2018**

                                                     _____
                                                     **USDJ**